IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**EDRICK FLOREAL-WOOTEN; JEREMIAH LITTLE;**
**JULIO GONAZALES; and DAYMAN BLACKBURN**                          **PLAINTIFFS**

VS.    NO.  5:22-cv-05011-TLB

**WASHINGTON COUNTY DETENTION CENTER;**
**TIM HELDER, SHERIFF OF WASHINGTON COUNTY,**
**ARKANSAS, in his official capacity; JANE OR JOHN DOES**
**1 through 10 of WASHINGTON COUNTY DETENTION**
**CENTER STAFF, in their individual and official capacities;**
**KARAS CORRECTIONAL HEALTH, P.L.L.C;**
**DR. KARAS, M.D.; and JANE OR JOHN DOES 1 through 10**
**of KARAS CORRECTIONAL HEALTH, P.L.L.C. STAFF**            **DEFENDANTS**

### DEFENDANTS' BRIEF IN SUPPORT OF
### MOTION FOR JUDGMENT ON THE PLEADINGS

Come now, Defendants, by and through Undersigned Counsel, and for their Brief in Support of Motion for Judgment on the Pleadings herein state and allege:

### INTRODUCTION AND FACTS

Plaintiffs, four former inmates of the Washington County Detention Center, brought sought seeking injunctive relief and claiming violation of their right to due process related to medical treatment they received and claiming violation of the Equal Protection Clause by and through 42 U.S.C. § 1983. *See* Doc. No. 2 and Doc. No. 2, at pp. 13-14. Defendants answered, denied all allegations of wrongdoing, and asserted various affirmative defenses. *See* Doc. No. 9. The current motion seeks dismissal of the instant case *in toto* pursuant to Fed. R. Civ. P. 12(c), because the Plaintiff's claims are now moot and no exception to mootness is present. Thus, the case should be dismissed.

1

None of the Plaintiffs are currently incarcerated in the Washington County Detention Center (WCDC).[1] In fact, all of the Plaintiffs are currently incarcerated in the Arkansas Department of Corrections (ADC). Plaintiff Floreal-Wooten is serving a seven-year sentence in ADC.[2] Plaintiff Jeremiah Little is serving a ten-year sentence is ADC.[3] Plaintiff Dayman Blackburn is serving a three-year sentence in ADC.[4] Julio Gonzales is serving a six-year sentence in ADC.[5] There are no

---

[1] https://www.washingtoncountyar.gov/government/departments-f-z/sheriff/detention-information/detainee-roster-detailed

[2] https://apps.ark.org/inmate_info/search.php?dcnum=167157&token=41f32f0754fc3637e1b26d3bc4631f3ebbc9fc09b10b877262d3156cc677ef78&lastname=floreal-wooten&firstname=edrick&sex=b&agetype=1&disclaimer=1&PHPSESSID=d5683b7ed03986c97419e820e4df64e9&__utma=149258854.1160001189.1649758665.1649758665.1649758665.1&__utmc=149258854&__utmz=149258854.1649758665.1.1.utmcsr%3Dgoogle%7Cutmccn%3D%28organic%29%7Cutmcmd%3Dorganic%7Cutmctr%3D%28not+provided%29&__utmb=149258854.1.10.1649758665

[3] https://apps.ark.org/inmate_info/search.php?dcnum=163773&token=41f32f0754fc3637e1b26d3bc4631f3ebbc9fc09b10b877262d3156cc677ef78&lastname=little&firstname=jeremiah&sex=b&agetype=1&disclaimer=1&PHPSESSID=d5683b7ed03986c97419e820e4df64e9&__utma=149258854.1160001189.1649758665.1649758665.1649758665.1&__utmc=149258854&__utmz=149258854.1649758665.1.1.utmcsr%3Dgoogle%7Cutmccn%3D%28organic%29%7Cutmcmd%3Dorganic%7Cutmctr%3D%28not+provided%29&__utmb=149258854.4.10.1649758665

[4] https://apps.ark.org/inmate_info/search.php?dcnum=164812&token=41f32f0754fc3637e1b26d3bc4631f3ebbc9fc09b10b877262d3156cc677ef78&lastname=Blackburn&firstname=Dayman&sex=b&agetype=1&disclaimer=1&PHPSESSID=d5683b7ed03986c97419e820e4df64e9&__utma=149258854.1160001189.1649758665.1649758665.1649758665.1&__utmc=149258854&__utmz=149258854.1649758665.1.1.utmcsr%3Dgoogle%7Cutmccn%3D%28organic%29%7Cutmcmd%3Dorganic%7Cutmctr%3D%28not+provided%29&__utmb=149258854.9.10.1649758665

[5] https://apps.ark.org/inmate_info/search.php?dcnum=105437&token=c070b8e050ebc1d90bcb11f66cc35b8dce978aba1c475e9dfb4a28a768f19380&lastname=Gonzales&firstname=julio&sex=b&agetype=1&disclaimer=1&PHPSESSID=9ad8866eada1c74398f586cffa253d8a&__utma=149258854.1160001189.1649758665.1649758665.1649775475.2&__utmc=149258854&__utmz=149258854.1649775475.2.2.utmcsr%3Dgoogle%7Cutmccn%3D%28organic%29%7Cutmcmd%3Dorganic%7Cutmctr%3D%28not+provided%29&__utmb=149258854.1.10.1649775475

allegations in the Complaint that any of the Plaintiffs are at risk of being incarcerated in the WCDC soon or ever again.

## STANDARD OF REVIEW

Fed. R. Civ. P. 12(c) and (d) provide:

> After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings. If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

However, while a court considering a motion for judgment on the pleadings ordinarily should ignore materials outside the pleadings, the court may consider some materials that are part of the public record or materials that do not contradict the allegations of the complaint. Such is the case here. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). Here, the inmate rosters for both WCDC and ADC do not contradict any allegation in the Complaint and they are public records this Court should consider without converting the instant motion into a motion for summary judgment per *Porous Media Corp*. *Id.*

Rule 12(c) motions should be reviewed under the same standards that govern Fed. R. Civ. P. 12(b)(6) motions. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990) "Meritless claims should be disposed of at the first opportunity." *Hungate v. United States*, 626 F.2d. 60, 62 (8th Cir. 1980). For purposes of the motion only, courts should assume the well-pled factual allegations in the complaint are true, but should not blindly accept the complainants' legal conclusions. *Westcott*, 901 F.2d at 1488. However, Plaintiffs' allegations should not be deemed admitted for any other purpose.

A motion to dismiss is appropriately granted where a plaintiff fails to plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678. Plausibility determinations must be made as a "context-specific task," and must be performed in light of a court's "judicial experience and common sense." *Id.* at 679. As stated, Plaintiffs' legal conclusions have no bearing and must not be accepted as true when assessing a motion to dismiss even where a plaintiff attempts to couch them as factual allegations. *Papsan v. Allain*, 478 U.S. 265, 286 (1986).

## ARGUMENT

### *Plaintiffs' claims are moot*

Article III of the United States Constitution limits the jurisdiction of federal courts to cases or controversies. U.S. Const. art. III, § 2, cl. 1. *Brazil v. Ark. Dept. of Human Services*, 892 F.3d 957, 959 (8th Cir. 2018). The Eighth Circuit said in *Brazil*: "[a] case or controversy must be present at the beginning of a lawsuit *and must continue throughout*. *Id.* (emphasis added). "'[W]hen the issues presented are no longer live or the parties lack a cognizable interest in the outcome,' a case or controversy under Article III no longer exists because the litigation has become moot." *Id.* (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)). Where the circumstances change and such change eliminates the need for court action, the matter is moot. *Id.* (citing *McCarthy v. Ozark Sch. Dist.*, 359 F.3d 1029, 1035 (8th Cir. 2004)).

In *Brazil*, the Plaintiff sought only injunctive relief as to the remaining claim. *Id*. However, the Plaintiff had been transferred, which was the injunctive relief she sought as to that claim. *Id.* at 959-60. Importantly, while the possibility that the Plaintiff there might have been transferred

4

back to the department where she claimed harm, the Eight Circuit said "a speculative possibility of future harm is not enough to preserve a live case or controversy under Article III." *Id*. at 960.

Most relevant to the instant case, where the four Plaintiffs seeks injunctive relief only against the Defendants, the Court in *Brazil* held "a plaintiff seeking injunctive relief to guard against future unlawful conduct must be under a 'real and immediate threat of injury.'" *Id*. (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 103 (1983)). A plaintiff positing a conjectural or hypothetical possibility of future harm lacks a case or controversy. *Id*. at 960.

The Court said further: "[f]or instance, we have held that an action seeking an injunction to alter prison conditions becomes moot once the plaintiff transfers to another facility." *Id*. (internal citations omitted). "It makes no difference that it is theoretically possible that the plaintiff could return to the original facility and once again face the same conditions." *Id*. Because the Plaintiff there was under no real and immediate threat of future alleged harm, the Court held her claim for injunctive relief moot. *Id*. Specifically, citing *Ali v. Cangemi*, 419 F.3d 722, 724 (8th Cir. 2005), the court found that in the context of Article III, the Court had to dismiss the case for lack of jurisdiction.

While an exception to mootness exists where a case is capable of repetition yet evading review, there are two factors to the exception the Plaintiffs here cannot meet. *See Smith v. Hundley*, 190 F.3d 852, 855 (8th Cir. 1999). As the Court said there: "[t]his exception applies where the following two circumstances are simultaneously present: (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration; and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Id*. Here, the first element is not met because Plaintiff could have, but did not, seek immediate temporary relief by way of a restraining order under Fed. R. Civ. P. 65. Additionally, as stated, there is no

reasonable expectation that the "same complaining party," *i.e.*, the Plaintiffs here, will be subject to the action again. It requires rank speculation that after all of the Plaintiffs serve their sentences in the Department of Corrections, they will once again get arrested and jailed in the Washington County Detention Center, there will be another COVID-19 outbreak years after the Plaintiffs served time in WCDC, and they will be treated with Ivermectin. The exception to mootness does not apply for the same reason the case is moot: it would require the Court to engage in conjecture and speculation. Finally, to the extent Plaintiffs attempt to do so, they cannot raise the alleged constitutional rights of third parties not before the Court to establish standing, lack of mootness, and, thus jurisdiction. *See generally Thorpe v. Webb*, Case No. 5:18-CV-5052, 2020 WL 1560299, at *4 (W.D. Ark. March 31, 2020) (unreported) (noting that Fourth Amendment rights are personal and a third party's rights cannot be raised by another); *see also generally Plumhoff v. Rickard*, 572 U.S. 765, 778 (2014) (noting that driver in high-speed chase that led to shooting of both driver and passenger by police could not invoke passenger's rights in defense of use of force against driver).

## **CONCLUSION**

There is no present case or controversy regarding any of the named Plaintiffs. None of the named Plaintiffs are currently incarcerated in the WCDC and it would require rank speculation for the Court or Parties to submit that any of the Plaintiffs will again be incarcerated in the WCDC, contract COVID-19 while there at some hypothetical time and for some hypothetical reason in the future, and be treated with Ivermectin. There is likewise no exception to the mootness doctrine present here for the same reason: to reach that conclusion would require pure speculation. And, Plaintiffs cannot raise the alleged constitutional rights of third parties who are not Plaintiffs in this case. For these reasons, the case is moot and deprives the Court of jurisdiction.

6

        TIM HELDER, et al,
        *Defendants*

Michael A. Mosley
Ark. Bar No. 2002099
Jason E. Owens
Ark. Bar. No. 2003003
JASON OWENS LAW FIRM, P.A.
**Mailing Address:** P.O. Box 850 Conway, Arkansas 72033-0850 **Physical Address:** 1023 Main St, Ste 204
Conway, Arkansas 72032
Telephone (501) 764-4334
Telefax (501) 764-9173
email: mosley@jowenslawfirm.com