IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

EDRICK FLOREAL-WOOTEN; JEREMIAH LITTLE;
JULIO GONAZALES; and DAYMAN BLACKBURN                          PLAINTIFFS

VS.   NO.  5:22-cv-05011-TLB

WASHINGTON COUNTY DETENTION CENTER;
TIM HELDER, SHERIFF OF WASHINGTON COUNTY,
ARKANSAS, in his official capacity; JANE OR JOHN DOES
1 through 10 of WASHINGTON COUNTY DETENTION
CENTER STAFF, in their individual and official capacities;
KARAS CORRECTIONAL HEALTH, P.L.L.C;
DR. KARAS, M.D.; and JANE OR JOHN DOES 1 through 10
of KARAS CORRECTIONAL HEALTH, P.L.L.C. STAFF              DEFENDANTS

### DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO AMEND THE COMPLAINT AND LIFT STAY OF DISCOVERY

The Defendants recently moved to dismiss the Plaintiff's Complaint as moot since the Plaintiffs' original Complaint sought only injunctive relief, none of the Plaintiffs are incarcerated at the Washington County jail, and no exception(s) to mootness exists.  Doc. Nos. 16-17. Instead of responding to the Defendants' motion, the Plaintiffs have moved to amend their Complaint, which they claim "cures" the mootness.  Doc. No. 20.  For the reason set forth below, the Plaintiff's motion to amend should be denied and the case dismissed.

### DISCUSSION

Plaintiffs filed suit against the Defendants, seeking only equitable relief. Doc. No. 2. The Plaintiffs' Complaint alleged violations of the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment. Defendants answered and denied all allegations of wrongdoing and asserted affirmative defenses. Defendants then moved for judgment on the pleadings,

because the Plaintiffs' claims are moot based on the equitable relief Plaintiffs sought. Recently, at a Case Management Hearing, the Court partially stayed discovery.[1]

Plaintiffs now seek to amend the Complaint, expressly to "cure" the mootness of the original complaint (*see* Doc. No. 20, ¶ 4); the Plaintiffs have also moved to "toll" or extend the time to respond to the Defendants' motion for judgment on the pleadings (the Court has required a response, but granted a 10-day extension). Both of these actions concede, if implicitly, that the original complaint *is* moot.

The Plaintiff's proposed Amended Complaint fails to "cure" the mootness that currently bars their suit in its entirety; to the contrary, the Plaintiffs' proposed Amended Complaint still contains identical requests for equitable relief that are contained in the original complaint. Doc. No. 20-1, pp. 14-15.[2] Those requests remain moot[3], and, thus, at least a portion of the proposed Amended Complaint is already moot. Further, most of the changes to the proposed amended complaint are futile as a matter of law. For instance, the Plaintiffs purport to add new Defendants, including a Corporal of the Washington County Sheriff's Office, Tom Mulvaney, but he is sued because he purportedly received and reviewed alleged complaints by Plaintiffs about Ivermectin. Doc. No. 21-1, ¶ 9. Those allegations simply fail to state a claim upon which relief can be granted against Cpl. Mulvaney, as there is no allegation (nor could there be) that Mulvaney had any responsibility for inmate medical care. Plaintiffs also purport to add a battery claim against unnamed Karas Correctional Health employees for allegedly providing Ivermectin to the Plaintiffs. There is no allegation that any medicine was forced on the Plaintiffs, so that

---

[1] Despite the stay, the Court ordered all Plaintiffs to provide medical releases. To date, the Plaintiffs have provided two of the four medical releases.
[2] Curiously, Plaintiffs allege in their motion to amend "Plaintiffs' proposed amendment will cure any issue of alleged mootness ….". Clearly that is incorrect.
[3] The Plaintiffs assert that they intend to seek consolidation with another suit, however, no such motion has been made to date.

claim fails, and the alleged facts are simply insufficient facts to state a claim for state law battery.

For these reasons, much of the proposed amendment would be futile. The Court should not have to sift through Plaintiffs' proposed Amended Complaint and decide what is moot or live or whether Plaintiffs have stated colorable claims. At bottom, it is undisputed that much of the proposed Amended Complaint is moot and/or futile as a matter of law. For that reason, the Defendants would respectfully request the Court rule on the pending Motion for Judgment on the Pleadings (Doc. Nos 16-17), which would necessarily end the case and moot the Plaintiffs' motion for leave to amend (Doc. No. 20).

WHEREFORE, Defendants respectfully request the Court grant the Defendants' motion for judgment on the pleadings and deny Plaintiffs' motion to amend as moot.

TIM HELDER, et al,

*Defendants*

/s/ Michael A. Mosley
Michael A. Mosley
Ark. Bar No. 2002099
Jason E. Owens
Ark. Bar. No. 2003003
JASON OWENS LAW FIRM, P.A.
**Mailing Address:** P.O. Box 850 Conway, Arkansas 72033-0850
**Physical Address:** 1023 Main St, Ste 204 Conway, Arkansas 72032
Telephone (501) 764-4334
Telefax (501) 764-9173
email: mosley@jowenslawfirm.com