IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**EDRICK FLOREAL-WOOTEN; JEREMIAH LITTLE;
JULIO GONAZALES; DAYMAN BLACKBURN;
THOMAS FRITCH**                                                                            **PLAINTIFFS**

VS.    NO.  5:22-cv-05011-TLB

**TIM HELDER, SHERIFF OF WASHINGTON COUNTY,
ARKANSAS, in his individual capacity;
KARAS CORRECTIONAL HEALTH, P.L.L.C;
DR. ROBERT KARAS, M.D., in his individual capacity**           **DEFENDANTS**

## DEFENDANTS' BRIEF IN SUPPORT OF
## MOTION TO STAY DISCOVERY AND SCHEDULING ORDER

Come now, Defendants, by and through Undersigned Counsel, and for their Brief in Support of Motion to Stay Discovery and Scheduling Order herein state and allege:

### INTRODUCTORY LEGAL STATEMENT AND BACKGROUND

"This circuit has repeatedly stressed the importance of resolving qualified immunity issues at the earliest possible stage in the litigation. *See, e.g.*, *O'Neil v. City of Iowa City*, 496 F.3d 915, 917-18 (8th Cir. 2007)." *See Payne v. Britten*, 749 F.3d 697, 699 (8th Cir. 2014) (***when official properly files motion for dismissal asserting qualified immunity, official is entitled to ruling; district court must issue reviewable ruling either granting or denying qualified immunity before requiring official to progress further in litigation***)." *Carter v. Ludwick*, No. 21-3510, No. 21-3651, 2022 WL 16707933, at 1 (8th Cir. Nov. 4, 2022) (per curiam) (unreported). It is completely irrelevant, as Counsel Ryan Smith suggests in his email to the Court of February 28, 2023, that

1

immunity is argued in a motion for judgment on the pleadings rather than a motion to dismiss[1], although, Defendants have asserted qualified immunity and statutory immunity from the start of this litigation: in the first Answer (Doc. No. 9, p. 3), in the second Answer (Doc. No. 37, p.4), and Undersigned Counsel advised the Court at the Second Case Management Hearing he would again assert qualified immunity on June 14, 2022. Undersigned also believes, he discussed the propriety of a stay of discovery at that Hearing as well.

The Plaintiffs filed an Amended Complaint on July 7, 2022, because their original Complaint became moot. Doc. No. 34. Undersigned filed a second Motion for Judgment on the Pleadings on September 19, 2022. In the time between the filing of Plaintiffs' First Amended Complaint and the filing of the Motion for Judgment on the Pleadings, Undersigned and others were working on responding to multiple sets of written discovery propounded by Plaintiffs on March 16, 2022. Discovery was stayed until the First Amended Complaint was filed at the original Case Management Hearing. Thus, upon discovery re-opening, Defendants had a lot of work to do to respond to discovery, so Undersigned filed an Answer (asserting qualified and statutory immunity, instead of a motion to dismiss), then a motion for judgment on the pleadings. Thus, it is remarkable that Mr. Smith has complained (in his February 28, 2023 email to this Court) that Undersigned filed an Answer instead of a Motion to Dismiss given the relative responses to written discovery that have occurred in this case. More to the point, given the above discussion and footnote 1, Mr. Smith's point is irrelevant.

---

[1] *Mitchell v. Forsyth*, 472 U.S. 511, 517, 525-26 (1985) (discussing qualified immunity following a motion to dismiss and a motion for summary judgment). There, the United States Supreme Court said: "…the *Harlow* Court refashioned the qualified immunity doctrine in such a way as to 'permit the resolution of many insubstantial claims on summary judgment' and to **avoid 'subject[ing] government officials either to the costs of trial or to the burdens of BROAD-REACHING DISCOVERY**, in cases where the legal norms the officials are alleged to have violated were not clearly established at the time." *Id*. at 526 (emphasis added).

In October, 2022, Undersigned Counsel Michael Mosley emailed Mr. Smith asking for deposition dates of the five Plaintiffs. After some back and forth, Mr. Smith provided dates in November. However, upon receiving Plaintiffs' "responses" to written discovery, it was clear that Plaintiffs had no intention of providing sufficient responses to legitimate discovery requests (despite, as Mr. Smith has admitted, Defendants providing thousands of documents in response to Plaintiffs' written discovery requests; indeed, Defendants provided written discovery responses in the Summer of 2022). At that time, Undersigned decided he needed to draft a letter in good faith and try and obtain proper responses other than objections to Defendants' written discovery, which he communicated to Mr. Smith on October 31, 2022. Furthermore, Mr. Smith had earlier taken issue with Undersigned's attempt to depose the Plaintiffs quickly during discovery and on September 20, 2022, wrote: "If anything, the fact that you filed a motion for judgment on the pleadings two days ago would seem to counsel in favor of a later deposition date, as any ruling could impact the scope of discovery."

Ultimately, Undersigned agreed with Mr. Smith. The need for depositions of *anyone* could drastically change based on the Court's ruling to the pending (Second) Motion for Judgment on the Pleadings. So, all the Parties have waited on a ruling, yet Defendants did provide substantial and complete discovery responses to written discovery. That has zero impact on the costs and distractions associated with depositions that the United States Supreme Courts and our Court of Appeals have repeatedly said parties such as these Defendants are entitled to avoid until qualified immunity is decided. And the fact that *some* written discovery has occurred has no impact on the distractions, costs, and burdens associated with depositions as the United States Supreme Court explicitly noted in *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

**DISCUSSION**

Discovery should not be permitted until the Court assesses the defenses of qualified immunity and statutory immunity in this case, which Defendants have asserted from the start. "Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established; at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (quoting *Harlow v. Fitzgerald*, 475 U.S. 800, 818 (1982

The United States Supreme Court has been clear that staying discovery is appropriate pending resolution of the defense of qualified immunity on a motion to dismiss. In, an action against the United States Attorney General, the Court said: Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal ***before the commencement of discovery***. 472 U.S. 511, 526 (1985) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (emphasis added)).

The policy considerations underlying the defense of qualified immunity support a stay of discovery. Qualified immunity serves many policy goals. "Public officers require this protection [of immunity] to shield them from undue interference with their duties and from potentially disabling threats of liability." *Id*. at 806. In *Harlow*, the Supreme Court explicitly noted the policy considerations at issue and said: "[t]hese social costs include the expenses of litigation, the diversion of official energy from pressing public issues, and the deterrence of able citizens from acceptance of public office. Finally, there is the danger that fear of being sued will 'dampen the ardor of all but the most resolute, or the most irresponsible [public officials], in the unflinching discharge of their duties.'" *Id*. at 814 (internal citation omitted). The Court further said: "[i]f the law at that time was not clearly established, an official could not reasonably be expected to

anticipate subsequent legal developments, nor could he fairly be said to "know" that the law forbade conduct not previously identified as unlawful. Until this threshold immunity question is resolved, discovery should not be allowed." *Id*. at 818 (emphasis added).

Following *Harlow*, courts faced with the qualified immunity defense often stay discovery pending resolution of the defense. The Eighth Circuit upheld a district court's stay of discovery pending resolution of qualified immunity in *Ballard v. Heineman*¸ 548 F.3d 1142, 1137 (8th Cir. 2008). *See also Fitzgerald v. Patrick*, 927 F.2d 1037, 1039 (8th Cir. 1991) ("The purpose in moving for summary judgment, under the privilege of qualified immunity, is to avoid having government officers subjected to the expense and delay of discovery."). Additionally, the Eighth Circuit has said: "[n]evertheless, the district court may not force public officials into subsequent stages of district court litigation without first ruling on a properly presented motion to dismiss asserting the defense of qualified immunity. Courts may ask only whether the facts as alleged plausibly state a claim and whether that claim asserts a violation of a clearly established right." *Payne v. Britten*, 749 F.3d 697, 702 (8th Cir. 2014). The Court further said: "[t]he potentially lost benefits of qualified immunity include the costs and expenses of litigation, and discovery in particular, which is a type of burden distinct from appeals and other lawyer-driven aspects of a case." *Payne*, 749 F.3d at 700-01.

In *O'Neil v. City of Iowa City, Iowa*, 496 F.3d 915 (8th Cir. 2007), the Eighth Circuit reiterated: "[b]oth the Supreme Court and this circuit 'repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation.' We stress the importance of doing the qualified immunity analysis early in litigation because those entitled to qualified immunity hold 'an entitlement not to stand trial or face the other burdens of litigation.' This 'entitlement is an immunity from suit rather than a mere defense to liability; and ... it is effectively

5

lost if a case is erroneously permitted to go to trial.'" *Id*. at 917 (internal citations omitted) (emphasis added). Many courts in the Eighth Circuit stay discovery pending resolution of the issue of qualified immunity. *Blair v. Douglas County*, 2013 WL 2443819 (D. Neb. June 4, 2013) (unreported). In *Blair*, the Court relied on *Harlow* and said: "[a] stay of discovery pending the court's ruling on the summary judgment motion based on qualified immunity is justified." *Id*. at *2; *See also Hughbanks v. Dooley*, 2011 WL 3502484 (D.S.D. Aug. 11, 2011) (unreported) ("Because qualified immunity protects public officials from discovery, defendants' motion for a protective order and stay of discovery is granted.").

Defendants have raised various immunities all along and including in their second Motion for Judgment on the Pleadings and will continue to assert those defenses including, but not limited to, qualified and statutory immunity. The immunity defenses here are meritorious. First, Defendants deny that they have violated Plaintiffs' constitutional rights based on the facts pled and deny any state law battery claim can surmount state statutory immunity. Alternatively, even assuming *arguendo* an underlying constitutional violation (which is expressly denied) there is no clearly established law, set at the appropriate level of specificity, that would have put these Defendants on notice that they allegedly violated any person's constitutional rights. Defendants should be shielded from further discovery (particularly depositions) due to the interposition of, *inter alia*, immunity defenses, until the Court rules on the defense. Furthermore, Defendants request the schedule in the Case Management Order be stayed pending a ruling on the immunity defenses.

The only potential claim immunity might not apply to is whatever nebulous constitutional claim Plaintiffs attempt against Karas Correctional Health KCH. But, whatever that claim is, if it exists in the Amended Complaint, is unclear. Instead, Plaintiffs routinely claim "Karas

Defendants" did this or did that, without ever alleging a policy or custom of KCH caused any alleged constitutional or state law violation and without delineating who allegedly did what. Defendants have argued this extensively in their motion papers (Doc. Nos. 41, 43). So, a *partial stay*—as this Court issued in *Human Rights Defense Center v. Baxter County, Ark.*, 2017 WL 5593781 (November 21, 2017)(unreported)—is respectfully not sufficient here given the arguments that Defendants have detailed in their dispositive motion and because, in *Human Rights Defense Center*, the Court was taking up the pending motion to dismiss involving immunity at the Case Management Hearing, *just seven days* after the Opinion and Order on the motion to stay. These circumstances are simply not present here. Respectfully, the Defendants request the Court stay any further discovery and stay the current schedule until the Court rules on the pending Motion for Judgment on the Pleadings.

WHEREFORE, Defendants respectfully request the Court grant their motion and for all other just and proper relief to which they are entitled.

*Defendants*

/s/ Michael A. Mosley
Michael A. Mosley
Ark. Bar No. 2002099
Jason E. Owens
Ark. Bar No. 2003003
JASON OWENS LAW FIRM, P.A.
**Mailing Address:** P.O. Box 850 Conway, Arkansas 72033-0850 **Physical Address:** 1023 Main St, Ste 204
Conway, Arkansas 72032
Telephone (501) 764-4334
Telefax (501) 764-9173
email: mosley@jowenslawfirm.com