| From: | Mike Mosley |
|---|---|
| To: | Ryan Smith |
| Cc: | Miranda Lawrence; Jason Owens; Bourgon Reynolds; Luke Vance; JaNan Thomas |
| Subject: | Re: Depositions |
| Date: | Monday, February 27, 2023 4:07:16 PM |
| Attachments: | image001.png |

Ryan, Dr. Karas and Nurse Hinely are available 3/16 for depos. I haven't spoken with former Sheriff Helder but will advise. This is all of course contingent on the motion to stay I'll be filing tomorrow. Would you do me a favor in the meantime? I don't recall any documents you produced from your Clients. Did I miss something? I'm referring to your mention of thousands of documents below. Also, please provide dates for your Clients in case my motion is denied. Thanks

**From:** Ryan Smith <RSMITH@RoseLawFirm.com>
**Sent:** Monday, February 27, 2023 3:52 PM
**To:** Mike Mosley <mosley@jowenslawfirm.com>
**Cc:** Miranda Lawrence <miranda@jowenslawfirm.com>; Jason Owens <owens@jowenslawfirm.com>; Bourgon Reynolds <BREYNOLDS@RoseLawFirm.com>; Luke Vance <LVANCE@RoseLawFirm.com>; JaNan Thomas <jthomas@arcounties.org>
**Subject:** RE: Depositions

Thanks, Mike. We are eager to get these depositions done and do not think a stay of discovery is warranted at this late juncture.

As you know, discovery has been proceeding for months, with thousands of documents produced to date and multiple meet and confers related to various discovery issues. Moreover, your position that the motion for judgment on the pleadings warrants a stay is belied by your own request to take depositions of the plaintiffs shortly after filing your motion. It is our position that Defendants' actions to date are inconsistent with a purported need for a stay of discovery. We stand on our request for these depositions so please provide available dates at your earliest convenience. We would be, of course, amenable to a reasonable but specific extension of all case deadlines if one is necessary for Defendants to complete discovery or other approaching deadlines, such as summary judgment.

Thanks,
Ryan



**Ryan Smith**
**Associate**
120 East Fourth Street, Little Rock, AR 72201
p: (501) 377-0485    f: (501) 375-1309
RoseLawFirm.com

**Exhibit A3**

Rose Law Firm, a Professional Association | **Confidentiality Notice:** This message may constitute a confiden ial attorney-client communication. It is intended exclusively for the individual or entity to which it is addressed. If you

are not the named addressee, you are not authorized to read, print, retain, copy or disseminate his message or any part of it. If you have received this message in error, please notify the sender immediately by email and delete all copies of this message.

**From:** Mike Mosley <mosley@jowenslawfirm.com>
**Sent:** Sunday, February 26, 2023 7:14 PM
**To:** Ryan Smith <RSMITH@RoseLawFirm.com>
**Cc:** Miranda Lawrence <miranda@jowenslawfirm.com>; Jason Owens <owens@jowenslawfirm.com>; Bourgon Reynolds <BREYNOLDS@RoseLawFirm.com>; Luke Vance <LVANCE@RoseLawFirm.com>; JaNan Thomas <jthomas@arcounties.org>
**Subject:** Fw: Depositions

Ryan, in furtherance of my email conferring about a stay of discovery, I'm forwarding you an email from September. I am not representing this constitutes your agreement at all to a stay. But the same issue we had then is true now, i.e., the dispositive motion remains pending. I do not want to rush the Court, but I do think depending on the ruling, particularly qualified immunity, we might be spending money at this time unnecessarily. So, I just wanted to reiterate I think a stay is in order until the Court rules, considering the cases I cited, and a motion for a new schedule as well to avoid unnecessary expense. I'll await word from you guys Monday on your thoughts. Thanks, Mike

**From:** Ryan Smith <RSMITH@RoseLawFirm.com>
**Sent:** Tuesday, September 20, 2022 11:24 AM
**To:** Mike Mosley <mosley@jowenslawfirm.com>
**Cc:** Bourgon Reynolds <BREYNOLDS@RoseLawFirm.com>; Jason Owens <owens@jowenslawfirm.com>; Miranda Lawrence <miranda@jowenslawfirm.com>
**Subject:** RE: Depositions

Mike,

We are confused by Defendants' position.

On Sunday, September 18, 2022, you filed a motion for judgment on the pleadings. (Doc. 40). Three hours later, you attempted to unilaterally schedule depositions for the five Plaintiffs for September 28-30. *See* Email, M. Mosley to B. Reynolds, dated September 18, 2022. It appears to us that you sought to unilaterally schedule these five depositions (on ten-days' notice) on these dates because Plaintiffs' response to your motion for judgment on the pleadings would be due the following business day. That aside, I responded to your email noting my unavailability for depositions during September and October, but proposed to schedule the depositions in November. *See* Email, R. Smith to M. Mosley, dated September 19, 2022. You responded that, "November is much too late" and demanded dates in October. *See* Email, M. Mosely to R. Smith, dated September 19, 2022.

Can you please explain why a November deposition date is "much too late"? As I stated in my previous email, I have very limited availability over the next six weeks. For starters I have multiple depositions scheduled over the next few weeks regarding a preliminary injunction hearing before

Judge Brooks in mid-October. In short, that timeframe simply is not feasible, particularly on such short notice (and while we are responding to your pending motion). I also note that the discovery deadline is April 14, 2023. (Doc. 32, ¶ 5). We do not understand why these five depositions must be completed approximately six months before the close of discovery. If anything, the fact that you filed a motion for judgment on the pleadings two days ago would seem to counsel in favor of a later deposition date, as any ruling could impact the scope of discovery.

I am available November 9-11, November 14-16, and December 5-7. Please advise as to whether any of these dates work for you.

Thanks,
Ryan