IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**EDRICK FLOREAL-WOOTEN; JEREMIAH LITTLE;**
**JULIO GONAZALES; DAYMAN BLACKBURN;**
**THOMAS FRITCH**                                                                                    **PLAINTIFFS**

VS.   NO.  5:22-cv-05011-TLB

**TIM HELDER, SHERIFF OF WASHINGTON COUNTY,**
**ARKANSAS, in his individual capacity;**
**KARAS CORRECTIONAL HEALTH, P.L.L.C;**
**DR. ROBERT KARAS, M.D., in his individual capacity**                     **DEFENDANTS**

## DEFENDANTS' BRIEF IN SUPPORT OF MOTION FOR LEAVE TO SUPPLEMENT MOTION TO STAY DISCOVERY AND SCHEDULE

Come now, Defendants, by and through Undersigned Counsel, and for their Motion for Leave to Supplement Motion to Stay Discovery and Schedule, herein state and allege:

**DISCUSSION**

As the Court is aware, a dispute about whether depositions should be taken pending the Court's ruling on the pending (Second) Motion for Judgment on the Pleadings has occurred between the Parties' Counsel. (Doc Nos. 44-45).

During the process of discussing both a motion to stay and potential deposition dates, Undersigned did provide proposed deposition dates (March 16, 2023 and March 21, 2023) for depositions. Yet, in each email doing so, Undersigned advised Plaintiffs' Counsel that those dates were contingent on a forthcoming motion to stay discovery and the Court's ruling as to the same. *See* Exhibits 1-5, *Email Correspondence*. That motion was filed last week on March 2, 2023. Even prior to that, on February 28, 2023, Undersigned emailed Plaintiffs' Counsel and stated: "I'll be

1

filing a motion to stay soon and we'll have to deal with that first. So, if you're unable to respond to my motion to stay by March 16th, please let me know so we can get a ruling on that before any depositions take place of my Clients." *Exhibit 2*. Undersigned never received a response to that email addressing Undersigned's concern about timing. Then on March 2, 2023, Undersigned wrote to Opposing Counsel again and said: "Ryan, depending on when you file your response to my motion to stay and when the Court rules, I may need to give you a later date for the depositions of Dr. Karas and Kelly Hinely. It is my hope that we have a definitive ruling before 3/16." *Exhibit 1*. Undersigned never received any response to that email. Instead, the next day Plaintiffs' Counsel simply sent notices of depositions for the dates Undersigned gave Plaintiffs' Counsel.

So, Defendants hereby request leave to supplement their motion to stay and brief in support (Doc. Nos. 44-45) and seek a protective order pursuant to Fed. R. Civ. P. 26(c), and to quash the deposition notices Plaintiff's Counsel sent on Friday March 3, 2023. Specifically, the Defendants move the Court to prevent the depositions until a ruling is obtained on the pending motion to stay to avoid unnecessary expense.

Undersigned has attempted twice to confer about the issue of timing with Opposing Counsel and never received a response to that issue. That has patently unnecessarily multiplied proceedings in this matter. In *Munz v. Parr*, the Eighth Circuit upheld (a) a dismissal and summary judgment of the action on Defendants' motion and, thus, (b) found the pending motion to quash subpoenas for depositions moot because "[t]he legal deficiencies of Munz's complaint mooted *any discovery requests* that went to the issues raised in the complaint." 972 F.2d 971, 973 (8th Cir. 1992). This is precisely the point of the motion to stay discovery.

As the email correspondence in the attached exhibits show, despite Undersigned's belief a motion to stay was appropriate, he provided dates for depositions immediately, but each time noted

2

that those dates were contingent on a ruling on the now-filed motion to stay. Rather than engage in any discussion of the timing issue, which was an attempt to give the Court sufficient time to rule on the motion to stay, Plaintiffs' Counsel simply sent notices of depositions, one of which completely ignores that former Sheriff Helder provided 1:00 p.m. for his availability on March 21, 2023, and instead attempts to set the deposition for 9:00 a.m.

Therefore, Defendants move this Court for leave to supplement their motion to stay with a specific reference for a protective order pursuant to Fed. R. Civ. P. 26(c) and a motion to quash the deposition notice, to the extent the Court may not have a fair opportunity to rule on the motion to stay prior to March 16th or even March 21st. The proposed Supplement and Exhibits thereto are attached to the motion to leave which accompanies this Brief in Support.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court permit the pending motion to stay to be supplemented as noted herein.

TIM HELDER, et al,
*Defendants*

Michael A. Mosley
Michael A. Mosley
Ark. Bar No. 2002099
Jason E. Owens
Ark. Bar. No. 2003003
JASON OWENS LAW FIRM, P.A.
**Mailing Address:** P.O. Box 850 Conway, Arkansas 72033-0850 **Physical Address:** 1023 Main St, Ste 204
Conway, Arkansas 72032
Telephone (501) 764-4334
Telefax (501) 764-9173
email: mosley@jowenslawfirm.com