**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

**EDRICK FLOREAL-WOOTEN; JEREMIAH LITTLE;
JULIO GONAZALES; DAYMAN BLACKBURN;
THOMAS FRITCH** **PLAINTIFFS**

**VS. NO. 5:22-cv-05011-TLB**

**TIM HELDER, SHERIFF OF WASHINGTON COUNTY,
ARKANSAS, in his individual capacity;
KARAS CORRECTIONAL HEALTH, P.L.L.C;
DR. ROBERT KARAS, M.D., in his individual capacity** **DEFENDANTS**

**DEFENDANTS' NOTICE OR ALTERNATIVE MOTION FOR LEAVE TO SUPPLEMENT MOTION FOR SUMMARY JUDGMENT**

Come now, Defendants, by and through Undersigned Counsel, and for their Notice or Alternative Motion for Leave to Supplement Motion for Summary Judgment herein state and allege:

1. The claims in this case (the actual claims as reflected in the Counts of the Amended Complaint) have been exhaustively detailed in various motions including Defendants' recent Motion for Summary Judgment and attached materials.

2. One facet (but perhaps not an actual claim in the lawsuit) is the Plaintiffs' continued assertions that the FDA prohibits or recommends against the use of Ivermectin for treatment of COVID-19. That was exhaustively dispelled in the Brief in Support of Motion for Summary Judgment at Doc. No. 76, pp. 1-2, 6-11. Indeed, in a "tweet" the FDA literally said "Stop it" regarding the use of Ivermectin to treat COVID. @US_FDA, Twitter (or X, or whatever it's called now) 21 August 2021.

3. Nevertheless, Plaintiffs can no longer lean on vague statements by the FDA any longer. In the below-noted case, the article below reports that a Department of Justice lawyer, Ashley Cheung Honold, conceded before the Fifth Circuit Court of Appeals on August 8, 2023, in oral argument on appeal from the District Court in Texas: "FDA explicitly recognizes that doctors do have the authority to prescribe ivermectin to treat COVID." *See* https://mustreadalaska.com, Article of August 11, 2023, by Suzanne Downing entitled "*Feds admit in court: Doctors have the right to prescribe Ivermectin for Covid*." Indeed, one of the Judges on the Court of Appeals panel, Judge Jennifer Walker Elrod is reported in the above article about asking the FDA Counsel whether the FDA "tweet" "No, stop it," was a command during the oral argument. The FDA retorted via Counsel that such statements were "merely quips," according to the article, and that they did not prohibit doctors from prescribing ivermectin. https://mustreadalaska.com, Article of August 11, 2023, by Suzanne Downing entitled "*Feds admit in court: Doctors have the right to prescribe Ivermectin for Covid*." *See also* *https://www.courthousenews.com/ivermectin-proponents-ask-fifth-circuit-to-revive-lawsuit-against-fda/*. In the latter article, Counsel Honold's statement was characterized as follows: "She characterized the agency's ivermectin warnings as informational statements, and stressed they are not regulations, they have no legal consequences, and they don't bar doctors from prescribing Ivermectin to treat Covid or for any other purpose." The above-noted alleged concession and this statement are no different.

4. The case originated in the United States District Court of Texas, Southern District of Texas, Galveston Division at NO. 3:22-cv-184. The Parties are Robert L. Apter, M.D, FACEP et al. v. Department of Health and Human Services, Xavier Becerra, in his official capacity as Secretary of Health and Human Services, Food and Drug Administration; and Robert M. Califf, M.D., MACC, in his official capacity as Commissioner of Food and Drugs. 2022 WL 17578869

(S.D. Tex., Galveston Div. Dec. 6, 2022). The District Court dismissed the initial case under sovereign immunity grounds since federal government actors are Defendants and since the FDA did everything it could to disavow that the statements it has issued regarding Ivermectin to treat COVID were not attempts to limit how physicians practice medicine via prescriptions of already FDA approved medicines. And, that worked for the FDA and the District Court dismissed the case stating, *inter alia*, "[t]he [FDA] statements here do not outline the agency's legal position on a doctor's authority to prescribe ivermectin to patients and the possible consequences of doing so, or how a doctor can avoid facing liability for prescribing ivermectin, or use any similar language indicating that the statements determine rights, obligations, or legal consequences." 2022 WL 17578869, at *7.

5. The case is now on appeal to the Fifth Circuit. Undersigned does not yet have a transcript of the argument and will review to see if the audio is available online to verify the concession by the FDA and advise of the same in Defendants' Reply to Response to Motion for Summary Judgment.

6. Recall the Plaintiffs' Amended Complaint: "Plaintiff allege that Karas Defendants knowingly and intentionally disregarded U.S. Food and Drug Administration (FDA) warnings by administering the dewormer Ivermectin to them as a supposed treatment for COVID-19 …." Doc. No. 34, p. 1. Then, of course, Plaintiffs attempt to make their (presumably) real claim that the Plaintiffs (except Fritch of course) failed to give prior informed consent. That too is denied and has been fully briefed. Again, it is undisputed Dr. Karas did no experiment, and relied on other physicians, FLCCC guidance and studies the FLCCC collected, and his own two decades of practicing medicine in creating a protocol to treat COVID.

7. As stated, Plaintiffs in *Apter et al*. appealed to the Fifth Circuit. But the resolution of that case doesn't matter. The FDA via counsel conceded at oral argument that "FDA explicitly recognizes that doctors do have the authority to prescribe ivermectin to treat COVID." And as this Court is aware, concessions by Counsel are routinely used in later-drafted opinions against the party whose Counsel made the concession.

8. So, the point of this Notice or Alternative Motion for Leave to Supplement is as follows: there is no claim in this case that the use of Ivermectin in and of itself to treat COVID is a violation of any law including but not limited the United States Constitution. There is also no claim in this case of an alleged non-existent experiment viewing the plain and unambiguous language of the Counts in the Amended Complaint and the undisputed facts.

9. The two claims are as follows: Plaintiffs *allege* they did not give informed consent to *someone*, but not any of the Defendants before the Court because it is undisputed Dr. Karas and Sheriff Helder never treated or had contact with the Plaintiffs. Second, Plaintiffs allege a state law battery, which too should fail for the reasons already discussed in the pending motion for summary judgment.

10. But at this stage of the proceedings, any attempt to rely on the FDA and its "quips," has no basis and should be disregarded. Defendants submit this Notice so that the Court has all of the facts and, frankly, the truth.

WHERFORE, Defendants respectfully request that Defendants' motion for leave be granted, motion for summary judgment be granted, and the case dismissed with prejudice, and all other just and proper relief.

Respectfully submitted,

*Tim Helder, et al.*

*Defendants*

Michael A. Mosley
Michael A. Mosley
Ark. Bar. No. 2002099
JASON OWENS LAW FIRM, P.A.
**Mailing Address:** P.O. Box 850
Conway, Arkansas 72033-0850
**Physical Address:** 1312 W. Oak Street
Conway, Arkansas 72034
Telephone: (501) 764-4334
Telefax: (501) 764-9173
email: mosley@jowenslawfirm.com